UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER TRIPLETT, | ) | Case No. 3:09CV1281 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE JAMES GWIN |
| | ) | (Magistrate Judge McHargh) |
| STUART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Walter Triplett ("Triplett") has filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2005 convictions in the Lucas County (Ohio) Court of Common Pleas for aggravated murder and aggravated robbery. (Doc. 1.)

In his petition, Triplett raises three grounds for relief:

1. Petitioner was denied his Sixth Amendment right to confront the witnesses against him when the trial court permitted introduction of DNA test results when the forensic analyst who performed the tests did not testify at trial and was not subject to cross-examination. United States Constitution, Sixth Amendment; Crawford v. Washington, 541 U.S. 26 (2004).

2. The imposition of maximum and consecutive prison terms based solely on facts determined by the judge contravenes the Sixth

Amendment to the United States Constitution. Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005).

3. Petitioner was denied the effective assistance of counsel when his attorney failed to object to the imposition of maximum and consecutive prison terms based solely upon facts found by the judge.

(Doc. 1, § 12.)

## I. PROCEDURAL BACKGROUND

On June 24, 2003, Triplett was indicted on one count of aggravated murder, in violation of Ohio Rev. Code § 2903.01(B), and one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(3). The charges stemmed from the November 20, 1998, homicide of Paul Wiggins. Triplett entered not guilty pleas to the charges. (Doc. 9, RX 14, at 2; State v. Triplett, No. L-05-1160, 2008 WL 302403, at *1 (Ohio Ct. App. Jan. 18, 2008).)

The case was tried to a jury on April 4, 2005, and Triplett was found guilty of aggravated murder and aggravated robbery.[1] At his April 19, 2005, sentencing hearing, Triplett was sentenced to life imprisonment without the possibility of parole for 20 years on the aggravated murder charge, and ten years imprisonment for aggravated robbery, to be served consecutively to the aggravated murder sentence. The entry of sentencing judgment entry followed on April 21, 2005. (Doc. 9, RX 14, at 2, 10-11; Triplett, 2008 WL 302403, at *1, *5.)

---

[1] The state court of appeals provided a lengthy summary of the relevant testimony at trial. (Doc. 9, RX 14 at 2-10; Triplett, 2008 WL 302403, at *1-*5.)

2

Triplett filed a timely appeal of his conviction on Sept. 5, 2006, and presented five assignments of error:

> 1. The trial court erred to the prejudice of Mr. Triplett by permitting the introduction of the analysis of DNA results without requiring the examiner's testimony in violation of his right to confront witnesses and his right to due process in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution, or, in the alternative, trial counsel was ineffective in failing to raise the issue of confrontation under the United States and Ohio Constitutions.
>
> 2. Prosecutorial misconduct during the trial deprived Mr. Triplett of a fair and reliable trial in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.
>
> 3. The trial court erred in denying Mr. Triplett's motion to dismiss pursuant to Rule 29 presented at the conclusion of the State's case in chief for the reason that the evidence presented was insufficient to sustain convictions as to each count.
>
> 4. The trial court's sentence as to count two (aggravated robbery) must be remanded to the trial court for resentencing in light of State v. Foster, or, in the alternative, trial counsel was ineffective in not raising the Foster issue.
>
> 5. Cumulative errors deprive a criminal defendant and criminal appellant of a fair trial in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Ohio Constitution.

(Doc. 9, RX 9.)

On Jan. 18, 2008, the court of appeals affirmed the judgment of the trial court. (Doc. 9, RX 14; State v. Triplett, No. L-05-1160, 2008 WL 302403, at *1 (Ohio Ct. App. Jan. 18, 2008).)

Triplett filed a timely appeal of that determination to the Supreme Court of Ohio, setting forth three propositions of law:

1. The Sixth Amendment's Confrontation Clause, as interpreted by the United State Supreme Court in Crawford v. Washington (2004), 541 U.S. 36, prohibits the introduction of DNA test results when the forensic analyst who actually conducted the test does not testify at trial and has not been previously subject to cross-examination by the defendant.

2. The imposition of maximum and consecutive prison terms based solely on facts determined by the judge contravenes the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220.

3. Trial counsel who fails to object to the imposition of maximum and consecutive prison terms has contravened the Sixth Amendment to the United States Constitution and rendered ineffective counsel to the consequently prejudiced client. Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220; Strickland v. Washington (1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136.

(Doc. 9, RX 16.) The court denied Triplett leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on June 4, 2008. (Doc. 9, RX 18; State v. Triplett, 118 Ohio St.3d 1435, 887 N.E.2d 1203 (2008).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

4

respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

5

III.  PROCEDURAL DEFAULT

The respondent contends that Triplett procedurally defaulted the second ground of his petition, concerning his sentencing.  (Doc. 9, at 14-20.)  The state court of appeals rejected his assignment of error on this issue, ruling, in relevant part:

> In his fourth assignment of error, [Triplett] contends that his non-minimum, consecutive sentence as to the aggravated robbery offense should be remanded for resentencing under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
>
> * * * * *
>
> Subsequently, clarifying Foster, the Supreme Court of Ohio addressed the issue of whether, where a defendant is sentenced after the date of the decision in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, a defendant forfeits the Blakely argument by failing to object at sentencing.  State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. The court determined that such argument is forfeited and that the claim could only be addressed under the "plain error" standard. Id., ¶ 13.
>
> In the present case, [Triplett] was sentenced in April 2005, after Blakely was decided.  Since [Triplett] did not object at the time of sentencing, we must review [Triplett]'s fourth assignment of error under the "plain error" standard.
>
> To prevail on a claim governed by the plain error standard, [Triplett] must demonstrate that the trial outcome would have been clearly different but for the alleged errors.  State v. Waddell (1996), 75 Ohio St.3d 163, 166.  Regarding Blakely claims, unless a defendant shows that the court would have imposed a different or more lenient sentence absent the Blakely error, no plain error occurred. Payne, supra, ¶ 25.
>
> In this case, [Triplett] was sentenced within the parameters of the statutory limits for each offense.  Furthermore, even presuming a Blakely error existed, after review of the sentencing hearing we cannot say that the trial court would have imposed a more lenient sentence. Therefore, we find that no plain error occurred and [Triplett]'s Foster/Blakely claim must fail.

(Doc. 9, RX 14, at 17-18; Triplett, 2008 WL 302403, at *8-*9.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

7

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

In State v. Payne, the Supreme Court of Ohio held that "a lack of objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement of Blakely." State v. Payne, 114 Ohio St.3d 502, 508, 873 N.E.2d 306, 312 (2007). The court of appeals here, following Payne, determined that Triplett's Blakely claim was forfeited, but addressed it under "plain error" review. (Doc. 9, RX 14, at 18; Triplett, 2008 WL 302403, at *9.) The court found that no plain error occurred. Id.

8

The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review, and that the application of plain error review constitutes enforcement of the rule. Biros v. Bagley, 422 F.3d 379, 387 (6th Cir. 2005), cert. denied, 549 U.S. 853 (2006). See generally Wainwright, 433 U.S. at 86-88 (contemporaneous objection rule adequate & independent state ground to foreclose habeas review); Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 424 (6th Cir. 2003) (Ohio's contemporaneous objection rule); Loza v. Mitchell, No. C-1-98-287, 2002 WL 1580520, at *28-*30 (S.D. Ohio June 11, 2002) (citing Scott v. Mitchell, 209 F.3d 854, 867-871 (6th Cir.), cert. denied, 531 U.S. 1021 (2000)).

As to the fourth Maupin factor, "cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Triplett does not argue cause. Rather, Triplett argues that the rule set forth in Payne was not regularly established at the time of his sentencing, thus the court should rule that a procedural default cannot be found. (Doc. 11, at 3, citing Curtis v. Brunsman, No. 2:08CV391, 2009 WL 1585527 (S.D. Ohio June 4, 2009).)

The issue determined in Payne arose as a result of the remand of a large number of cases for resentencing hearings after the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 549 U.S. 979 (2006). It was also determined that Foster applied to every case that was pending

9

on appeal. Id. at 31, 845 N.E.2d at 499. The remand orders were silent on the issue of forfeiture. Payne, 114 Ohio St.3d at 508, 873 N.E.2d at 308-309. Many appellate courts construed this silence against forfeiture, although the supreme court had not addressed the issue in Foster. Id. at 504, 873 N.E.2d at 309.

The appellant in Curtis had filed his state appellate brief shortly before Foster was decided. Curtis, 2009 WL 1585527, at *8. "Further, the State acknowledged in its appellate brief that a partial remand of petitioner's sentence was appropriate under Foster." Id. Nonetheless, the state court found that his Blakely claim was waived:

> Defendant, however, did not raise a Blakely challenge at his sentencing hearing or any other time prior to this appeal. Therefore, we conclude that defendant waived his Blakely challenge, and we overrule defendant's second assignment of error.

State v. Curtis, No. 05AP-795, 2006 WL 2349455, at *5 (Ohio Ct. App. Aug. 15, 2006), aff'd, 116 Ohio St.3d 31, 876 N.E.2d 528 (2007). The district court on habeas review found that, under the circumstances of that case, the court was reluctant to conclude that the procedural bar should be invoked.[2] Curtis, 2009 WL 1585527, at *8.

The procedural rule at issue here is Ohio's contemporaneous objection rule, not any misconceptions which may have arisen from the state high court's silence as

---

[2] After Curtis was decided, the Supreme Court found that a state procedural rule can be "firmly established" and "regularly followed," even if the exercise of discretion may permit consideration of a federal claim in some cases but not others. Beard v. Kindler, 130 S.Ct. 612, 618 (2009).

10

to the forfeiture issue in the Foster remands. The district court in Morris v. Kerns stressed the underlying procedural rule, not the specific, temporary confusion arising from the Foster remands:

> The [state appellate courts'] confusion about how to read the Foster remand does not undermine the fact that Ohio has consistently enforced its contemporaneous objection rule. Neither Morris nor any other defendant could have been misled about the necessity of raising an objection to a sentencing error during the sentencing proceeding. Consequently, respondent has demonstrated that petitioner Morris has waived his Blakely claim. Petitioner has failed to demonstrate cause for that waiver; therefore, Claim Two is procedurally barred.

Morris v. Kerns, No. 2:08CV1176, 2009 WL 2169210, at *25 (S.D. Ohio July 20, 2009). See generally Wainwright, 433 U.S. at 86-88; Biros, 422 F.3d at 387; Gulertekin, 340 F.3d at 424; Scott, 209 F.3d at 867-871.

Other district courts as well have applied Payne to find a procedural default where the petitioner did not raise a Blakely challenge at sentencing. See, e.g., Dover v. Warden, Belmont Corr. Inst., No. 5:08 CV 2130, 2009 WL 1940728, at *11 (N.D. Ohio July 2, 2009); Hill v. Sheets, 627 F.Supp.2d 810, 820 (S.D. Ohio 2008). The court finds that Triplett has procedurally defaulted the second ground of his petition.

### A.  Plain error review

The state court found no plain error to overcome the forfeiture, because Triplett failed to demonstrate that the sentencing outcome would have been clearly different but for the alleged Blakely error. (Doc. 9, RX 14, at 18; Triplett, 2008 WL 302403, at *9.) The court noted that Triplett was sentenced within the parameters

of the statutory limits for each offense. Id. "Furthermore, even presuming a Blakely error existed, after review of the sentencing hearing we cannot say that the trial court would have imposed a more lenient sentence." Id. Therefore, the court found that no plain error occurred. Id.

Controlling precedent in the Sixth Circuit is "that plain error review does not constitute a waiver of state procedural default rules." Seymour v. Walker, 224 F.3d 542, 557 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001); see also Keith v. Mitchell, 455 F.3d 662, 673-674 (6th Cir. 2006), cert. denied, 549 U.S. 1308 (2007); Gulertekin, 340 F.3d at 423-424.

The petition should not be granted on the basis of the second ground because it was procedurally defaulted in the state courts.

## IV. TESTIMONY OF DNA ANALYST

The first ground of the petition is that Triplett:

was denied his Sixth Amendment right to confront the witnesses against him when the trial court permitted introduction of DNA test results when the forensic analyst who performed the tests did not testify at trial and was not subject to cross-examination.

(Doc. 1, § 12.) Triplett contends that the state court's decision was an unreasonable application of Crawford v. Washington, 541 U.S. 36 (2004).

The state court of appeals ruled on this issue as follows:

In State v. Crager, 116 Ohio St.3d 369, 2007-Ohio-6840, the Supreme Court of Ohio addressed a nearly identical issue. In Crager, testimony of DNA test results was given by a BCI analyst who did not actually perform the testing; the individual who conducted the testing was on a

> maternity leave. The analyst testified that he conducted a "technical review" of the tester's report. Id., ¶ 17.
>
> The court held that "records of scientific tests are not testimonial under Crawford" and that "[a] criminal defendant's constitutional right to confrontation is not violated when a qualified expert DNA analyst testifies at trial in place of the DNA analyst who actually conducted the testing." Id., paragraphs one and two of the syllabus. In accordance with Crager, we find that appellant's right to confrontation of witnesses was not violated by the testimony of BCI analyst, Julie Cox.

(Doc. 9, RX 14, at 13; Triplett, 2008 WL 302403, at *6.)

The respondent recognizes that Crager is no longer good law (doc. 9, at 25), in light of the U.S. Supreme Court's subsequent decision in Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), which held that affidavits reporting the results of forensic analysis were "testimonial," and that the analysts were "witnesses" subject to the defendant's right of confrontation under the Sixth Amendment. See generally State v. Crager, 123 Ohio St.3d 1210, 914 N.E.2d 1055 (2009).

However, the respondent argues that Crawford "simply did not provide a clear rule with respect to evidence such as the reports of lab technicians." (Doc. 9, at 26.) Thus, the appellate court's ruling was not contrary to any existing "clearly established" Supreme Court precedent. Id. The respondent points to the Crager decision as support for the contention that the court of appeals' decision was not unreasonable. Id., citing Williams, 529 U.S. at 411.

As pointed out by another district court, prior to Melendez-Diaz, "state and federal courts were divided on whether records of scientific tests were considered

13

'testimonial' under Crawford and therefore subject to cross-examination." Smith v. Warden, No. 1:09CV251, 2010 WL 3075166, at *19 (S.D. Ohio Apr. 14, 2010). While there was clearly disagreement between the majority and the dissent on this issue, the dissent in Melendez-Diaz contended that, "[i]n addition to lacking support in historical practice or in this Court's precedent, the Court's decision is also contrary to authority extending over at least 90 years, 35 States, and six Federal Courts of Appeals." Melendez-Diaz, 129 S.Ct. at 2554 (Kennedy, J., dissenting).

There is little doubt that, had the court of appeals ruled after Melendez-Diaz, that is, June 25, 2009, its decision would be contrary to clearly established federal law, as determined by the Supreme Court. However, that was simply not the case on Jan. 18, 2008, the date of the court of appeals' decision. Triplett has failed to establish that the state court ruling was contrary to clearly established federal law.

Triplett contends that the state court ruling was an unreasonable application of Crawford. (Doc. 11, at 4.) Triplett points out that the appellate court relied exclusively on Crager, which was subsequently "remanded to the Supreme Court of Ohio for further consideration in light of Melendez-Diaz v. Massachusetts." See Crager v. Ohio, 129 S.Ct. 2856, 174 L.Ed.2d 598 (2009).

A state court decision is not unreasonable simply because it is later determined to be incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422. Based on the extensive authority cited by Justice Kennedy, Melendez-Diaz, 129 S.Ct. at 2554 (Kennedy, J.,

dissenting), and by Crager itself, State v. Crager, 116 Ohio St.3d 369, 379-384, 879 N.E.2d 745, 754-757 (2007) (discussing People v. Geier, 161 P.3d 104 (Calif. 2007), and other cases), the court does not find the state court's ruling to be unreasonable application of clearly established federal law, as determined by the Supreme Court.

The petition should not be granted on the basis of the first ground.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

The third ground of the petition was based on ineffective assistance of counsel. The petitioner has withdrawn this ground for relief. (Doc. 11, at 8; see generally doc. 9, at 29-30.)

## VI. SUMMARY

The petition for a writ of habeas corpus should be denied. Triplett has failed to establish that the state court ruling on the first ground, the Crawford issue, was contrary to, or involved an unreasonable application of, clearly established federal law. Triplett has procedurally defaulted the second ground, and has withdrawn the third ground for relief.

15

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:  Nov. 8, 2010           /s/ Kenneth S. McHargh
                                                           Kenneth S. McHargh
                                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).